i

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONED OFFICERS ASSOCIATION OF THE UNITED STATES PUBLIC HEALTH SERVICE,<br><br>    *Plaintiff*<br><br>v.<br><br>LONNIE G. BUNCH, III, in his official Capacity as Secretary of the Smithsonian Institution, *et al.*,<br>    *Defendants* | Case No. 21-cv-00853 (JDB) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S JUDGMENT DISMISSING ITS COMPLAINT**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii

INTRODUCTION ................................................................................................................................. 1

ARGUMENT ......................................................................................................................................... 2

    A.   The Court's should reconsider its judgment because Defendants improperly first raised the arguments concerning the lack of submitted affidavits in their reply. .................................. 2

    B.   The Court should reconsider its judgment under F.R.C.P. 59(e) because Plaintiff has submitted affidavits from the individuals identified within its opposition alongside this motion, these affidavits were only held back because of reasonable caution as to whether they could be submitted, and the affidavits show that Plaintiff can establish representational standing. .......... 4

        1.   This Court should consider the attached affidavits from the individuals originally identified within Plaintiff's Opposition on the grounds of them being new evidence and on the grounds of the prevention of manifest injustice. ............................................................... 4

        2.   The attached affidavits show that Plaintiff can establish representational standing. ... 5

            a.   Both individuals who have provided affidavits would have standing to sue in their own right. ............................................................................................................................. 5

            b.   Their interests are germane to Plaintiff's purpose. ....................................................... 6

            c.   Neither the lawsuit, nor the relief requested, requires the individual participation of the two individuals. ................................................................................................................ 6

CONCLUSION ...................................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Touhy v. Regan*, 340 U.S. 462 (1951)..................................................................................................2

*Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004)..............................................................................2, 3, 4, 5

*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)..............................................................................2, 4

*Herbert v. National Academy of Sciences*, 974 F.2d 192 (D.C. Cir. 1992)....................................3

*Friends of Animals v. Ashe*, 174 F. Supp. 3d 20, 28 (D.D.C. 2016)............................................5, 7

*Sieverding v. ABA*, 239 F.R.D. 288 (D.D.C. 2006)..........................................................................2

*Mwani v. Bin Laden*, U.S. Dist. LEXIS 26556 (D.D.C. September 30, 2003)................................2

# INTRODUCTION

Plaintiff Commissioned Officers' Association of the United States Public Health Service ("Plaintiff") filed suit against Defendants Lonnie G. Bunch III, *et al.* ("Defendants") on March 30th, 2021. ECF 1, Plaintiff's Complaint. Defendants filed their Motion to Dismiss in response on July 16th, 2021. ECF 6, Defendants' Motion to Dismiss. In it, Defendants raised, among other arguments, a claim that Plaintiff had failed to establish standing. *See id.* Plaintiff filed its opposition to Defendants' motion on January 24th, 2022. ECF 11, Plaintiff's Opposition to Defendants' Motion to Dismiss. Plaintiff defended its claim to standing on both organizational and representational grounds. *See id.* Plaintiff supported its claim for representational standing on the grounds that specific individuals within its organization had standing to sue the Defendants in their own right. *Id.* at 23. Defendants filed their reply on March 25th, 2022. ECF 14, Defendants' Reply. In it, Defendants raised for the first time an argument that Plaintiff had not alleged sufficient facts to establish representational standing because Plaintiff had not submitted affidavits from the individuals identified. *See id.* at 9; *compare* ECF 4.

The Court granted Defendants' motion to dismiss on March 30th, 2022. ECF 15, Order Granting Defendants' Motion to Dismiss. In its memorandum opinion, the Court held that Plaintiff lacked organizational standing, and also held that Plaintiff lacked representational standing, on the grounds that Plaintiff had not submitted affidavits from the individuals in question. ECF 16, Memorandum Opinion.

Plaintiff now moves this Court, under Federal Rule of Civil Procedure (F.R.C.P.) 59(e), to reconsider its judgment and either alter or amend it. Plaintiff raises two arguments in support of this. First, the judgment was based on legal error because the Court improperly entertained a new argument raised solely via reply, which the Plaintiff had no opportunity to respond to. Second, that Plaintiff has submitted new evidence, via affidavits from the individuals cited,

1

which establish personal representation, and which were not previously easily available, due to the clouds hanging over whether submission of the affidavits would violate *Touhy v. Regan*.

# ARGUMENT

A motion to reconsider a judgment is determined under Federal Rule of Civil Procedure 59(e) when it is brought within ten days of the entry of a judgment. *See, e.g. Sieverding v. ABA*, 239 F.R.D. 288, 289 Fn. 2 (D.D.C. 2006); *see also Mwani v. Bin Laden*, U.S. Dist. LEXIS 26556 at *5 Fn. 2 (D.D.C. September 30, 2003). This time is calculated based on F.R.C.P. 6(a). *See Sieverding*, 239 F.R.D. at 289 Fn. 2. The judgment in this matter was entered on March 30th, 2022. ECF 15. Under F.R.C.P. 6(a)(1)(A), time limits exclude the day of the event triggering the time period, meaning that the deadline for Plaintiff's Motion for Reconsideration to be determined under F.R.C.P. 59(e) is Saturday, April 10th, 2022. *See, id.*; *see also Mwani*, U.S. Dist. LEXIS 26556 at *5 Fn. 2. This motion has been filed prior to that date, rendering it timely for consideration under F.R.C.P. 59(e) instead of F.R.C.P. 60. *Id.*

    **A.**    **The Court's should reconsider its judgment because Defendants improperly first raised the arguments concerning the lack of submitted affidavits in their reply.**

F.R.C.P. 59(e) grants a court discretionary authority to alter or amend a judgment on the grounds of an intervening change in controlling law, the availability of new evidence, the need to correct a clear legal error, or to prevent manifest injustice. *See Ciralsky v. CIA*, 355 F.3d 661 at 671 (D.C. Cir. 2004) (*citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Here, the Court held that Plaintiff had failed to allege sufficient facts to establish representational standing on the grounds that Plaintiff had not submitted affidavits from the individuals identified as having personal claims against the Defendants. ECF 16 at 7-9. It is a well-established doctrine in the D.C. Circuit that a party is not allowed to raise new arguments within a reply brief. *See,*

2

*e.g., Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992). This is because the opposing party lacks the opportunity to respond to those arguments themselves. *Id.* The Defendants completely failed to raise within their Motion to Dismiss the argument that Plaintiff's complaint should be dismissed because Plaintiff had not submitted the affidavits in question. *See* ECF 4, Defendants' Motion to Dismiss (showing zero mention at all of affidavits). The first time this argument emerged was in their reply to Plaintiff's opposition. *See* ECF 14 at 9. The Court's ruling on representational standing was, in effect, based on an argument raised in ambush on the Plaintiff, which it had no opportunity to respond to, and where it had little notice that it needed to fully explain the situation at hand. *See id.*; *see* ECF 16 at 7-9. This was a clear legal error under the controlling precedent of this circuit. *See Herbert*, 974 F.2d at 196

This defect cannot be cured via this Court's right to raise the issue of standing *sua sponte*. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019). The Plaintiff fully acknowledges that this Court could raise the issue of the lack of affidavits on its own, even without the Defendants having raised it. *See id.* However, even then, the Plaintiff should have still had the opportunity to respond, including via provision of the affidavits, once the Court had informed the Plaintiff of its position that *Touhy* did not apply to this matter. *See* ECF 16, Memorandum Opinion Granting Defendants' Motion to Dismiss at 7 (Plaintiff will go into additional detail concerning the *Touhy* question in section B).

Given this, the Court should correct this legal error by altering or amend its judgment to strike the consideration of an argument improperly raised in ambush by reply. *See Ciralsky*, 355 F.3d at 671; *see Herbert*, 974 F.2d at 196. It should do so by ruling on representational standing (and the related issues) on the grounds raised within the Defendants' initial motion and the Plaintiff's opposition, and in light of the submitted affidavits. *See id.*

3

     **B.**     **The Court should reconsider its judgment under F.R.C.P. 59(e) because Plaintiff has submitted affidavits from the individuals identified within its opposition alongside this motion, these affidavits were only held back because of reasonable caution as to whether they could be submitted, and the affidavits show that Plaintiff can establish representational standing.**

          **1.**     **This Court should consider the attached affidavits from the individuals originally identified within Plaintiff's Opposition on the grounds of them being new evidence and on the grounds of the prevention of manifest injustice.**

As stated before, F.R.C.P. 59(e) grants a court discretionary authority to alter or amend a judgment on the grounds of the availability of new evidence or the prevention of manifest injustice. *See Ciralsky v. CIA*, 355 F.3d 661 at 671 (D.C. Cir. 2004) (*citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As stated before, the Court held that Plaintiff could not establish representational standing (and thus could not show standing at all, due to its finding that Plaintiff also lacked organizational standing) on the narrow grounds of the failure to submit affidavits. ECF 16 at 8-9. Prior to the Court's ruling, Plaintiff had not done so due to the high complexity involved in determining whether or not the individuals cited could submit an affidavit under *Touhy*. U.S. PHS and NOAA officers are frequently detailed to other U.S. agencies and fall under their jurisdiction while detailed. *See* 42 U.S.C. § 215(a). Plaintiff was uncertain, for example, whether the Affidavit of Captain Smiley, attached to this motion, would result in him facing troubles under the Department of Health and Human Services' *Touhy* implementing regulation 45 C.F.R. § 2.4. Out of caution for the personnel willing to testify, the Plaintiff chose to identify them and their willingness to testify but did not provide affidavits. ECF 11, Plaintiff's Motion in Opposition at 17-18. However, the Court has resolved this question via its ruling. ECF 16 at 7.

4

Given the complexity and legal uncertainty involved, the reasonable prudence Plaintiff had been using, and the fact that the individuals identified actually have provided affidavits (showing that Plaintiff's claims were not mere idle talk), this Court should consider the affidavits to be relevant new evidence which merit reconsideration. Should the Court not consider the affidavits to be relevant new evidence, it should still reconsider its judgment on the grounds that dismissal where the affidavits promised are provided, and where the affidavits had been held back due to reasonable concerns, would be a manifest injustice. Due to the cloud surrounding whether they could be submitted in the first place, it cannot be said that this situation could have been "easily avoided" from the Plaintiff's perspective. *Contra Ciralsky*, 355 F.3d at 665.

      **2.**      **The attached affidavits show that Plaintiff can establish representational standing.**

Attached to this motion are the affidavits of the two members identified by the Plaintiff within their Opposition to the Defendants Motion to Dismiss. *See* ECF 11 at 23-4; *see* Exhibit 1, Affidavit of Commander James Brinkley ("CDR Brinkley"), NOAA; *see* Exhibit 2, Affidavit of Captain Clarence Smiley ("CAPT Smiley"), USPHS. Plaintiff can establish representational standing via both of these individuals, given that (a) they would have standing to sue on their own right, (b) their interests are germane to Plaintiff's purpose, and (c) neither the claim asserted nor the relief requested requires their participation. *See Friends of Animals v. Ashe*, 174 F. Supp. 3d 20, 28 (D.D.C. 2016).

      **a.**      **Both individuals who have provided affidavits would have standing to sue in their own right.**

CDR Brinkley is a commissioned officer within the National Oceanic and Atmospheric Administration (NOAA). *See* Exhibit 1. As stated within Plaintiff's opposition, Plaintiff also engages on behalf of NOAA commissioned officers, given that the small size of the NOAA

5

commissioned officer corps is insufficient to maintain an association of their own. ECF 11 at 23. As noted by Plaintiff within its opposition, CDR Brinkley testifies as to the injury he has suffered through the Defendants refusal to include NOAA and the USPHS on the monument. *See* Exhibit 1. This injury is the erasure and denigration of his military service and veteran status and the lack of recognition by national institutions of the contributions of Native NOAA and USPHS service members. *Id.* As detailed by Plaintiff in its opposition, this denigration and erasure produces both internal and external injury, given the frequent denial, out of ignorance, of veteran or military benefits to NOAA and USPHS service members. *See* ECF 11 at 21-25. This harm grants CDR Brinkley standing to sue in his own right. *Id.*

In addition, CAPT Smiley of the USPHS testifies via affidavit as to his full-fledged support for Plaintiff's efforts to ensure that fellow Native USPHS officers receive recognition within the monument, especially in light of the services they perform on Native American reservations. *See* Exhibit 2. For the reasons stated above and in Plaintiff's opposition, this lack of recognition again qualifies CAPT Smiley for individual standing, given the harm it imposes. *See* ECF 11 at 21-25.

      **b.**  **Their interests are germane to Plaintiff's purpose.**

Plaintiff represents and advocates for the rights and recognition of both NOAA and USPHS officers and veterans. Both individuals have raised injuries related explicitly to the lack of recognition offered to the service of NOAA and USPHS officers and veterans and seek for representation of their veteran status through inclusion on the monument. In short, the interests raised by CDR Brinkley and CAPT Smiley are clearly germane to Plaintiff's purposes.

      **c.**  **Neither the lawsuit, nor the relief requested, requires the individual participation of the two individuals.**

6

Neither of the two individuals in this matter would be required to individually participate in this lawsuit, as the harm Plaintiff seeks to prevent is not particularized but is instead shared by the entire class of Native NOAA and USPHS officers and veterans. In addition, neither of the two individuals would be required to participate in the relief requested, given that the relief involves the addition of the seals to the monument, not individual relief. Given that Plaintiff has also shown that the individuals would have standing to sue in their own right, and that their interests are germane to its purpose, Plaintiff has thus met the requirements for representational standing. *See Friends of Animals*, 174 F. Supp. 3d at 28.

## **CONCLUSION**

Wherefor, for the reasons set out above, Plaintiff respectfully requests that this Court reconsider its order dated March 30th, 2022, and either alter or amend it through full consideration of the issue of representational standing in light of the affidavits submitted.

Dated:       April 8th, 2022                    Respectfully submitted,

*/s/DavidP.Sheldon*
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M. St. SE, Suite 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing Notice of Service of this Opposition to Defendants' Motion to Dismiss was electronically served on the following counsels for the Defendants on April 8th, 2022:

Diana Viggiano Valdivia
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2545
Email: diana.valdivia@usdoj.gov
*Counsel for Defendants*