UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

COMMISSIONED OFFICERS
ASSOCIATION OF THE UNITED STATES
PUBLIC HEALTH SERVICE,

    *Plaintiff,*

  v.

LONNIE G. BUNCH, III,
Secretary of the Smithsonian Institution, *et al.*,

    *Defendants*.

Civil Action No. 21-0853 (JDB)

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

 

*MATTHEW M. GRAVES*
United States Attorney

*BRIAN P. HUDAK*
Chief, Civil Division

*DIANA V. VALDIVIA*
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia

May 13, 2022

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………………………...1

BACKGROUND…………………………………………………………………………………….1

LEGAL STANDARD………………………………………………………………………………..2

ARGUMENT………………………………………………………………………………………...3

    I.   THERE IS NO CLER LEGAL ERROR………………………………………...............3

    II.  THERE IS NO NEW EVIDENCE WARRANTING RECONSIDERATION…………...5

        A.      The Affidavits Are Not New Evidence…………………………………………5

        B.      The Proffered Affidavits Would Not Have Changed the Outcome…......................6

CONCLUSION………………………………………………………………………………………8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Excursions, LLC v. Yellen*,
  Civ. A. No. 21-1769 (TNM), 2022 WL 1091222 (D.D.C. Apr. 12, 2022) ................................ 4
*Am. Bar Assoc. v. Dep't of Educ.*,
  388 F. Supp. 3d 23 (D.D.C. 2019) ................................................................................... 3, 6
*Baloch v. Norton*,
  517 F. Supp. 2d 345 (D.D.C. 2007) ..................................................................................... 4
*Crummey v. Soc. Sec. Admin.*,
  794 F. Supp. 2d 46 (D.D.C. 2011) ....................................................................................... 4
*Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*,
  998 F. Supp. 447 (D.N.J. 1998) ........................................................................................... 5
*Fed. Trade Comm'n v. CCC Holdings Inc.*,
  Civ. A. No. 08-2043 (RMC), 2009 WL 10631282 (D.D.C. Jan. 30, 2009) ........................... 7
*Firestone v. Firestone*,
  76 F.3d 1205 (D.C. Cir. 1996) ............................................................................................ 3
*Fresh Kist Produce, LLC v. Choi Corp.*,
  251 F. Supp. 2d 138 (D.D.C. 2003) ..................................................................................... 3
*Friends of Animals v. Ashe*,
  174 F. Supp. 3d 20 (D.D.C. 2016) ....................................................................................... 7
*Johnson v. District of Columbia*,
  266 F. Supp. 3d 206 (D.D.C. 2017) ............................................................................. 3, 5, 6
*Nat'l Assoc. of Home Builders v. EPA*,
  667 F.3d 6 (D.C. Cir. 2011) ................................................................................................. 7
*SEC v. Bilzerian*,
  729 F. Supp. 2d 9 (D.D.C. 2010) ......................................................................................... 3
*U.S. Commodity Futures Trading Comm'n v. McGraw-Hill Cos.*,
  403 F. Supp. 2d 34 (D.D.C. 2005) ....................................................................................... 3

**Statutes**

28 U.S.C. § 1746 ........................................................................................................................ 7

**Rules**

Federal Rule of Civil Procedure 59(e) ............................................................................... 2, 3, 6

**Other Authorities**

71 C.J.S. Pleading § 209 ............................................................................................................ 5

**INTRODUCTION**

Defendants (i) Lonnie G. Bunch, III, in his official capacity as Secretary of the Smithsonian Institution ("Smithsonian"); (ii) Cynthia Chavez Lamar,[1] in her official capacity as Director of the Smithsonian Institution's National Museum of the American Indian (the "Museum"); and (iii) the United States of America (collectively, "Defendants"), by and through undersigned counsel, respectfully submit this memorandum in opposition to the motion for reconsideration, ECF No. 17 ("Pl's Mot."), filed by the Commissioned Officers Association of the United States Public Health Service ("Plaintiff" or the "Association").  Because Plaintiff has identified no legitimate grounds for the extraordinary relief it seeks, Plaintiff's motion should be denied.

**BACKGROUND**

In this case, Plaintiff, a "member-based organization that supports and advocates for the [U.S. Public Health Service's] Commissioned Corps and its active duty, reserve, and retired officers," see ECF No. 1 ("Compl.") ¶ 7, brought an action under the Due Process Clause of the U.S. Constitution asking the Court to compel Defendants to include the seals of both the U.S. Public Health Service and the National Oceanic Atmospheric Administration ("NOAA") on the National Native American Veterans Memorial (the "Memorial"), despite Plaintiff's admission that the plain language of the statute creating the Memorial (the "Act") excludes the Public Health Service and NOAA.

Defendants moved to dismiss Plaintiff's Complaint in its entirety, arguing that the Association lacked standing and failed to adequately plead a claim under the Due Process Clause.

---

[1]   Pursuant to Federal Rule of Civil Procedure ("Rule") 25(d), Director Cynthia Chavez Lamar is automatically substituted in her official capacity for her predecessor in office.

ECF No. 6-1 ("Defs.' MTD") at 12-20.[2]  Defendants also urged the Court to decline Plaintiff's invitation to intervene in this controversy pursuant to the political question doctrine.  *Id*. at 20-22.

On March 30, 2022, this Court issued a memorandum opinion, ECF No. 16, and Order, ECF No. 15, granting Defendants' Motion and dismissing the case for lack of subject-matter jurisdiction.  The Court held that the Association lacked representational standing to sue because it had not made the requisite showing that one of its members would have standing to sue in his or her own right, ECF No. 16 at 6-9, and that it lacked organizational standing because it had not adequately alleged that Defendants' conduct injured its interest, *id*. at 9-14.

Plaintiff now seeks reconsideration of the Court's March 30, 2022, Order on two grounds.  First, Plaintiff argues that the Court's judgment "was based on legal error because the Court improperly entertained a new argument raised solely via reply, which the Plaintiff had no opportunity to respond to."  Pl's Mot. at 4.  Second, Plaintiff argues that the Court should consider "new evidence" in the form of affidavits that Plaintiff contends "establish personal representation, and which were not previously easily available, due to the clouds hanging over whether submission of the affidavits would violate *Touhy v. Regan*."  Pl's Mot. at 4-5.  Defendant now timely opposes Plaintiff's motion.  For the reasons discussed below, both of Plaintiff's arguments lack merit and neither support the extraordinary relief Plaintiff seeks.  Accordingly, Plaintiff's motion should be denied.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment" within "28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 59(e)

---

[2]  All citations to documents filed on the Court's docket refer to the ECF-generated pagination in the documents' headers, not the pagination (if any) at the bottom of the pages.

2

motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*) (internal quotation marks omitted). "While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." *Fresh Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003) (citing *Firestone*, 76 F.3d at 1208); *see also SEC v. Bilzerian*, 729 F. Supp. 2d 9, 17 (D.D.C. 2010) ("Rule 59(e) . . . [is] a rarely used and disfavored remedy."). Rule 59(e) motions are "disfavored." *Am. Bar Assoc. v. Dep't of Educ.*, 388 F. Supp. 3d 23, 26 (D.D.C. 2019). Rule 59(e) "provides a limited exception to the rule that judgments are to remain final." *Id*. "'The strictness with which [Rule 59(e)] motions are viewed is justified by the need to protect both the integrity of the adversarial process . . . and the ability of the parties and others to rely on the finality of judgments.'" *Johnson v. District of Columbia*, 266 F. Supp. 3d 206, 211 (D.D.C. 2017) (Bates, J.) (quoting *U.S. Commodity Futures Trading Comm'n v. McGraw-Hill Cos.*, 403 F. Supp. 2d 34, 36 (D.D.C. 2005)).

## ARGUMENT

Applying Rule 59(e)'s strict standard to the instant motion, the Association's motion should be denied because there was no clear error of law and the allegedly "new" evidence relied upon by Plaintiff is immaterial and does not justify reconsideration or modification of this Court's memorandum opinion and order dismissing the case for lack of standing.

### I.     THERE IS NO CLEAR LEGAL ERROR

There is no clear legal error for the Court to correct. Plaintiff maintains that the Court improperly entertained a new argument raised by Defendants solely via reply. Pl's Mot. at 5-6. Not so.

3

Defendants correctly pointed out in their reply in support of their motion to dismiss that Plaintiff had submitted no affidavits in support of its attempt to establish representational standing. ECF No. 14 at 9. Defendants' argument was not a "new argument" raised out of the blue in their reply brief. It was, rather, a proper response to an issue raised in Plaintiff's opposition. It was Plaintiff that argued for the first time in its opposition brief that there were alleged unidentified representational members. *See* ECF No. 11 ("Pl's MTD Opp.") at 23 (The Association "has identified two active members, one from [the Public Health Service] and the other from NOAA, subject to *Touhy*, that are willing to join as parties-in-interest to the present litigation."). As Plaintiff has admitted, these members were not identified in the Complaint, nor did Plaintiff even allege in the Complaint that it was proceeding based on a theory of representational standing. *See* Compl.; Pl's MTD Opp. at 23 ("these individuals were not identified at the time of the complaint"). It was not until Plaintiff filed its opposition that the Defendants became aware that Plaintiff was asserting that there were unidentified individuals who Plaintiff believed satisfied representational standing requirements. Defendants thus appropriately responded to this argument in their reply.

Parties are allowed to address matters in a reply brief that are raised for the first time in an opposition. *Air Excursions, LLC v. Yellen*, Civ. A. No. 21-1769 (TNM), 2022 WL 1091222, at *10 n.13 (D.D.C. Apr. 12, 2022) ("A moving party may raise new arguments in reply if they fall within issues raised by the opposing party in its opposition brief.") (citing *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011) (denying request to file surreply where arguments in reply brief were "within the scope of the matters" raised in the opposition)); *see Baloch v. Norton*, 517 F. Supp. 2d 345, 365 n. 2 (D.D.C. 2007) (denying leave to strike reply or file a surreply because the issue was first raised in plaintiff's opposition). Indeed, that is fundamentally the purpose of a reply—to refute the arguments set forth in an opposition and demonstrate why they pose no

4

obstacles to the requested relief.  *See, e.g.,* 71 C.J.S. Pleading § 209 ("[t]he purpose of a reply memorandum is to respond to arguments made in opposition to the relief sought"); *Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted.").

Here, because Defendants properly responded in their reply to an argument raised for the first time in Plaintiff's opposition, this argument cannot be said to have been "raised by Defendant solely via reply." Pl's Mot. at 5-6.  It was not a legal error for the Court to entertained Defendants' reply with respect to this issue, and Plaintiff's argument to the contrary is without merit.  Plaintiff has thus identified no legal error that would support reconsideration of the Court's judgment.

## II.     THERE IS NO NEW EVIDENCE WARRANTING RECONSIDERATION

Plaintiff has likewise identified no new evidence that would warrant reconsideration of the Court's judgment.  The "new" evidence Plaintiff identifies is, as a threshold matter, not new at all.  Moreover, even if considered, the affidavits offered by Plaintiff would not change the outcome.

### A.     The Affidavits Are Not New Evidence

The affidavits offered by Plaintiff are not new.  "Rule 59(e) motions on the basis of new evidence are restricted to evidence that is 'newly discovered or previously unavailable despite the exercise of due diligence.'" *Johnson*, 266 F. Supp. 3d at 211.  "Courts routinely deny Rule 59(e) motions where all relevant facts were known or should have been known by the party prior to the entry of judgment because Rule 59(e) does not afford an opportunity to raise new arguments that could have been raised before the court entered its final judgment." *Id*. at 211-12 (citing cases).

This is a classic example of a routine case where the evidence was available and known to Plaintiff before the entry of judgment.  Indeed, in its motion to dismiss opposition brief the Association specifically referenced the two active members who have now produced affidavits.

Pl's MTD Opp. at 23.  Plaintiff even represented that these individuals were "willing to join" the litigation.  In addition, counsel for Plaintiff informed counsel for Defendants in November 2021—four months before the Court's judgment—that they were "utilizing a formal Touhy request" for two officers (one from the Public Health Service and one from NOAA).  *See* Ex. A (Email from D. Sheldon to D. Valdivia dated 11-20-21).  Accordingly, the information Plaintiff has now produced via affidavit was clearly known to Plaintiff before Plaintiff filed its opposition and months before entry of judgment.

Plaintiff apparently chose not to present the affidavits before entry of judgment because Plaintiff was confused about the applicability of *Touhy* and compliance therewith.  *See* Pl's Mot. at 7 (citing as an excuse for Plaintiff's failure to present affidavits prior to the Court's ruling the "high complexity involved in determining whether or not the individuals cited could submit an affidavit under *Touhy*"); *see also* Mem. Op. at 7 n.3 (observing that Plaintiff's understanding of *Touhy* was "not correct").  This is not a legitimate reason to vacate a proper entry of judgment.  It was not the Defendants' obligation, or the Court's obligation, to instruct Plaintiff on the law.  It was incumbent upon Plaintiff to file a legally and factually supported complaint with an appropriate plaintiff, including resolving any *Touhy*-related issues Plaintiff's counsel may have mistakenly believed they had before Plaintiff filed its complaint, not after the entry of judgment against the Association.  In these circumstances, Plaintiff's affidavits are not new evidence and Plaintiff's Rule 59(e) motion should be denied.  *Johnson*, 266 F. Supp. 3d at 211-12.

### B. The Proffered Affidavits Would Not Have Changed the Outcome

Even if the Court were to accept the proffered affidavits as "new" evidence, the affidavits would not have established standing.  "[A] party moving for relief under Rule 59(e) has not met its burden if the new evidence 'would not have changed [the Court's] outcome.'" *Am. Bar Assoc.*,

6

388 F. Supp. 3d at 26. Here, because the new affidavits would not have established standing, they would not have changed the outcome of dismissal.

First, the unsworn affidavits are facially deficient as they do not make a declaration "under penalty of perjury." *See* 28 U.S.C. § 1746 (prescribing the form for unsworn declarations). The Court should therefore not consider them. *See Fed. Trade Comm'n v. CCC Holdings Inc.*, Civ. A. No. 08-2043 (RMC), 2009 WL 10631282, at *1 (D.D.C. Jan. 30, 2009) ("the Court will not consider declarations that are not sworn under the penalty of perjury, or not sworn under penalty of perjury under the laws of the United States, because these statements also lack sufficient indicia of reliability.").

Second, Commander James Brinkley's affidavit, ECF No. 17-1 at 2, is also deficient as he is not identified as a member of the Association. *See Friends of Animals v. Ashe*, 174 F. Supp. 3d 20, 28 (D.D.C. 2016) (for representational standing, organization must show that "its members would otherwise have standing to sue in their own right"); *Nat'l Assoc. of Home Builders v. EPA*, 667 F.3d 6, 12 (D.C. Cir. 2011) (to obtain injunctive relief, plaintiff must show that "at least one of its members 'is under threat of suffering injury in fact that is concrete and particularized'"); *see also* Defs.' MTD at 16 ("The Association's alleged connection with the NOAA Commissioned Corps is particularly speculative.").

Finally, the affidavits fail to establish the individuals would have standing to sue in their own right. The Association must still plausibly allege an injury to these individuals that is fairly traceable to the Smithsonian. Captain Clarence Smiley states that he supports "the efforts of the [the Association] to have the seal of the [Public Health Service] placed on the" Memorial. ECF No. 17-1 at 4. Supporting the Association's cause, however, is not an allegation of injury. Similarly, Commander Brinkley, who appears not to even be an Association member, states he

7

supports "the efforts of the [Association] to have the seal of the NOAA Commissioned Officer Corps placed on the" Memorial.  ECF No. 17-1 at 2.  Again, his support is not an allegation of injury sufficient to establish standing.  Commander Brinkley also states that "I personally feel that my service and veteran status has been reduced to nothing since my branch of service is not on the existing memorial."  However sincere his belief may be, it is unclear how Commander Brinkley's personal feelings on this matter would constitute an injury sufficient to confer representational standing.  As such, the affidavits, even if considered by the Court, would do nothing to change the outcome of the litigation.  Dismissal for lack of subject matter jurisdiction would still be the appropriate outcome.

## CONCLUSION

For all the above reasons, Plaintiff's motion for reconsideration should be denied.

Dated:  May 13, 2022
       Washington, D.C       Respectfully submitted,

                             MATTHEW M. GRAVES, D.C. Bar #481052
                             United States Attorney

                             BRIAN P. HUDAK
                             Chief, Civil Division

                By:     */s/ Diana V. Valdivia*
                             DIANA V. VALDIVIA, D.C. Bar #1006628
                             Assistant United States Attorney
                             U.S. Attorney's Office, Civil Division
                             601 D Street, N.W.
                             Washington, D.C. 20530
                             Tel: (202) 252-2554
                             diana.valdivia@usdoj.gov

                             *Counsel for Defendants*