UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMISSIONED OFFICERS ASSOCIATION OF THE UNITED STATES PUBLIC HEALTH SERVICE,<br><br>      *Plaintiff*<br><br>v.<br><br>LONNIE G. BUNCH, III, in his official Capacity as Secretary of the Smithsonian Institution, *et al.*,<br>      *Defendants* | Case No. 21-cv-00853 (JDB) |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ iii
INTRODUCTION ................................................................................................................................ 1
ARGUMENT ........................................................................................................................................ 2

    A.   Defendants' argument relied on the position that affidavits were an intrinsic element to a claim for representational standing, meaning that Defendants needed to raise the charge when they first challenged Plaintiff's right to representational standing in their Motion to Dismiss .. 2

    B.   The affidavits are new evidence, sufficiently reliable as to be considered by this court, and show that Plaintiff can establish representational standing ................................................. 3

        i.   The affidavits are new evidence, and the Plaintiff's reasonable concerns as to their submission means that the failure to consider them would also be a manifest injustice. ........ 3

        ii.   The affidavits, through clearly stating that they are made pursuant to 28 U.S.C. § 1746 and being signed, clearly provide sufficient indicia of reliability for this Court to consider them. .................................................................................................................... 4

        iii.   Plaintiff connection to the NOAA Commissioned Officer Corps is more than merely speculative and the affidavits are sufficient to establish representational standing ................ 5

CONCLUSION .................................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..................................................................5, 6

*Abigail Alliance*, 469 F.3d 129 (D.C. Cir. 2006)..........................................................................2, 3

*Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004)............................................................................3, 4

*Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996)....................................................................3

*Herbert v. National Academy of Sciences*, 974 F.2d 192 (D.C. Cir. 1992)..................................2, 3

*Air Excursions, LLC v. Yellen*, 2022 WL 1091222 (D.D.C. Apr. 12, 2022)....................................2

*Federal Trade Commission v. CCC Holdings, Inc*, 2009 WL 10631282 (D.D.C. Jan. 30 2009)...5

**Statutes**

42 U.S.C. § 215....................................................................................................................................4

**Rules and Regulations**

Federal Rule of Civil Procedure 59.....................................................................................................3

45 C.F.R. § 2.4....................................................................................................................................4

## INTRODUCTION

Plaintiff Commissioned Officers' Association of the United States Public Health Service ("Plaintiff") filed suit against Defendants Lonnie G. Bunch III, *et al.* ("Defendants") on March 30th, 2021. ECF 1, Plaintiff's Complaint. Defendants filed their Motion to Dismiss in response on July 16th, 2021. ECF 6, Defendants' Motion to Dismiss. In it, Defendants raised, among other arguments, a claim that Plaintiff had failed to establish standing. *See id.* Plaintiff filed its opposition to Defendants' motion on January 24th, 2022. ECF 11, Plaintiff's Opposition to Defendants' Motion to Dismiss. Plaintiff defended its claim to standing on both organizational and representational grounds. *See id.* Plaintiff supported its claim for representational standing on the grounds that specific individuals within its organization had standing to sue the Defendants in their own right. *Id.* at 23. Defendants filed their reply on March 25th, 2022. ECF 14, Defendants' Reply. In it, Defendants raised for the first time an argument that Plaintiff had not alleged sufficient facts to establish representational standing because Plaintiff had not submitted affidavits from the individuals identified. *See id.* at 9; *compare* ECF 4.

The Court granted Defendants' motion to dismiss on March 30th, 2022. ECF 15, Order Granting Defendants' Motion to Dismiss. In its memorandum opinion, the Court held that Plaintiff lacked organizational standing, and also held that Plaintiff lacked representational standing, on the grounds that Plaintiff had not submitted affidavits from the individuals in question. ECF 16, Memorandum Opinion.

Plaintiff moved this Court, under Federal Rule of Civil Procedure (F.R.C.P.) 59(e), to reconsider its judgment on April 8th, 2022. *See* ECF 17. Defendants filed their opposition to this Motion on May 13th, 2022. *See* ECF 19. Plaintiff now replies to Defendants' opposition.

1

**ARGUMENT**

    **A.**    **Defendants' argument relied on the position that affidavits were an intrinsic element to a claim for representational standing, meaning that Defendants needed to raise the argument when they first challenged Plaintiff's right to representational standing in their Motion to Dismiss.**

It is a well-established doctrine in the D.C. Circuit that a party is not allowed to raise new arguments within a reply brief. *See, e.g., Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992). Defendants first raised the argument that Plaintiff lacked representational standing because affidavits from the individuals represented are required to claim such standing in their reply to Plaintiff's opposition. *See* ECF 4, Defendants' Motion to Dismiss at 10-11 (arguing that Plaintiff could not show representational standing but failing to raise the issue of Plaintiff's failure to supply affidavits from individuals forming the basis of said representational standing); *compare* ECF 14, Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss at 9 (arguing for the first time that Plaintiff could not establish representational standing because it had not submitted affidavits with the complaint from individuals who formed the base of its claim for such standing). Defendants argue that this was not a violation of bar on raising new arguments in a reply because Plaintiff allegedly raised a new argument in its opposition by identifying two individuals forming the basis of its representational standing. ECF 19 at 7 (*citing Air Excursions, LLC v. Yellen*, 2022 WL 1091222 at *10 Fn. 13 (D.D.C. Apr. 12, 2022).

This misrepresents the nature of Defendants' initial argument. Defendants argued, in their reply, that affidavits from individuals forming the basis of representational standing are an *intrinsic* element of a claim for such standing and must be attached to the complaint. *See* ECF 14 at 9 (*citing*, among other cases, *Abigail Alliance*, 469 F.3d 129, 134 (D.C. Cir. 2006)). It was Defendants who first raised the issue of Plaintiff's lack of representational standing, which, by

2

extension, would include the (argued by the Defendants to be) intrinsic required element of affidavits from individuals. *See id.* Had Defendants failed to raise representational standing, and the Plaintiff done so in its opposition, then the Defendants would be correct that Plaintiff had raised a new argument. But Plaintiff was not raising a new argument by identifying the individuals, it was instead raising a counterargument to the issue as first raised by the Defendants in their Motion to Dismiss. *See* ECF 4 at 10-11; *compare* ECF 11, Plaintiff's Opposition to Defendants' Motion to Dismiss at 23.

In short, Defendants were required to raise the issue of the affidavits when they first chose to raise the argument of Plaintiff's inability to establish representational standing based on the complaint and should not have been permitted to raise a whole new facet of the issue on reply. *See Abigail Alliance*, 469 F.3d at 134; *see Herbert*, 974 F.2d at 196. Due to this clear legal error, this Court should reconsider its ruling.

    **B.**    **The affidavits are new evidence, sufficiently reliable as to be considered by this court, and show that Plaintiff can establish representational standing.**

        **i.**    **The affidavits are new evidence, and the Plaintiff's reasonable concerns as to their submission means that the failure to consider them would also be a manifest injustice.**

F.R.C.P. 59(e) grants a court discretionary authority to alter or amend a judgment on the grounds of the availability of new evidence or the prevention of manifest injustice. *See Ciralsky v. CIA*, 355 F.3d 661 at 671 (D.C. Cir. 2004) (*citing Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Defendants, in their opposition, argue that the affidavits were not new evidence due to the fact that Plaintiff had identified the prior to filing their motion to dismiss, and that it was Plaintiff's duty to resolve the *Touhy* questions beforehand. *See* ECF 19 at 8-9.

3

As noted by Plaintiff, the issue of whether the individuals could testify, or were facing the threat of potential violation of agency policies, was a completely uncertain legal question due to the complex nature of the regulatory structures governing USPHS and NOAA officers while detailed. *See* 42 U.S.C. § 215(a). In particular, Captain Smiley, who was detailed to the Department of Health and Human Services, potentially fell under its *Touhy* regulation, 45 C.F.R. § 2.4, which offered *zero* indications as to whether he would be in violation of the regulation or not by testifying in this matter. It was this reasonable caution by the Plaintiff, to avoid bringing the individuals into potentially severe problems with their agency, that led to Plaintiff not obtaining the affidavits until the issue was resolved by this Court. *See* ECF 11 at 17-18; *see* ECF 16 at 7. In addition, Plaintiff notes to this court that even the necessity for these affidavits was an issue only first raised via Defendants' reply, as illustrated above, further reinforcing the reasonableness of Plaintiff's caution. Finally, as stated by the Plaintiff in its original motion, even if this Court were to rule that the affidavits were not new evidence, this Court should still consider the affidavits on the grounds of manifest injustice. Plaintiff identified the individuals, and that identification has been clearly proven to be no mere speculation but held back from submitting affidavits due to reasonable concerns for the individuals. In short, this is not a situation which could have been "easily avoided." *See Ciralsky*, 355 F.3d at 665.

        **ii.**    **The affidavits, through clearly stating that they are made pursuant to 28 U.S.C. § 1746 and being signed, clearly provide sufficient indicia of reliability for this Court to consider them.**

Defendants, in their opposition to this motion, argue that the affidavits should not be considered because they do not state that they are given under penalty of perjury. *See* ECF 19 at 10. The affidavits each clearly, and repeatedly state that the declarant is making their statement pursuant to 28 U.S.C. § 1746, the statute governing unsworn declarations under penalty of

4

perjury. *See* ECF 17-1 at 2, 4 (Affidavits of James Brinkely and Clarence Smiley). 28 U.S.C. § 1746 provides a general guideline as to how to make such statements. Affidavits should not be disregarded when the declarant is clearly making a statement that is intended to be under the penalty of perjury, just because the statement does not rigidly follow the guideline provided. As *Federal Trade Commission v. CCC Holdings, Inc.* states, the test is to insure indicia of reliability. *See Federal Trade Commission v. CCC Holdings, Inc*, 2009 WL 10631282 at *1 (D.D.C. Jan. 30 2009). Here, the statements make it clear that the declarant is making the declaration pursuant to the federal statute governing unsworn declarations under penalty of perjury and are each signed by the declarant. *See* ECF 17-1 at 2, 4. These are more than sufficient indicia of reliability for this Court to consider them. *See Federal Trade Commission*, 2008 WL 10631282 at *1.

### iii. Plaintiff connection to the NOAA Commissioned Officer Corps is more than merely speculative and the affidavits are sufficient to establish representational standing.

Defendants begin by arguing that Commander James Brinkley's affidavit is deficient because Plaintiff does not have a sufficient connection to the NOAA Commissioned Corps. *See* ECF 19 at 10. The standard of proof during a Motion to Dismiss, which includes reconsideration of a decision on Motion to Dismiss, requires that all factual allegations in the complaint must be taken as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 572 (2007). Plaintiff, in its complaint, noted that it advocates on behalf of NOAA as well as COA. ECF 1 at 3. This is due to the fact that the two uniformed services face the same problems, and that NOAA's commissioned officer corps is barely larger than 300 people, too small to sustain an organization of its own. The nature of this relationship can be seen in the fact that Commander Brinkley gave an affidavit in the first place, specifically in support of Plaintiff's efforts on his behalf as a

5

NOAA officer. *See* ECF 17-1 at 2. In short, Plaintiff's allegation of its relation to NOAA must be taken as true, raising its connection to NOAA as something far more than mere speculation. *See id.*; *see Twombly*, 550 U.S. at 572.

In addition, the affidavits provide sufficient evidence to establish representational standing and would change the outcome of the litigation. Both Commander Brinkley and Captain Smiley clearly identify how they have suffered an injury through the denigration and erasure of their veteran status in the eyes of the public. *See* ECF 17-1 at 2, 4. This denigration and erasure is what causes the additional severe harm faced by NOAA and USPHS veterans through the frequent denial of military benefits, both official and unofficial. *See* ECF 11 at 21-25. Given this, they have both established a cognizable injury sufficient to confer standing to sue in their own right. Since that interest is germane to Plaintiff's purpose as the advocacy organization for the commissioned officers of the USPHS, and, when applicable, NOAA, and the suit does not require their individual participation, the affidavits are sufficient to show that Plaintiff can establish representational standing. Given that the affidavits thus would potentially change the outcome of this litigation, and the Court should reconsider its decision.

## CONCLUSION

Wherefor, for the reasons set out above, Plaintiff respectfully requests that this Court reconsider its order dated March 30th, 2022, and either alter or amend it through full consideration of the issue of representational standing in light of the affidavits submitted.

Dated:     May 20th, 2022                         Respectfully submitted,

                                                  /s/DavidP.Sheldon
                                                  David P. Sheldon (DC Bar # 446039)
                                                  Law Offices of David P. Sheldon, P.L.L.C.
                                                  100 M. St. SE, Suite 600
                                                  Washington, DC 20003

6

Tel: 202.546.9575
Fax: 202.546.0135
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Service of this Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration was electronically served on the following counsel for the Defendants on May 20th, 2022:

Diana Viggiano Valdivia
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2545
Email: diana.valdivia@usdoj.gov
*Counsel for Defendants*