**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**COMMISSIONED OFFICERS**
**ASSOCIATION OF THE UNITED**
**STATES PUBLIC HEALTH SERVICE,**
     **Plaintiff,**

     **v.**                                                   **Civil Action No. 21-853 (JDB)**

**LONNIE G. BUNCH, III, Secretary of the**
**Smithsonian Institution, et al.,**
     **Defendants.**

## MEMORANDUM OPINION & ORDER

The Commissioned Officers Association of the United States Public Health Service ("COAUSPHS" or "the Association") is suing various government defendants in order to challenge the design of the National Native American Veterans' Memorial. On March 30, 2022, this Court granted defendants' motion to dismiss the complaint for lack of subject-matter jurisdiction, concluding that the Association lacks standing to sue. See Order, Mar. 30, 2022 [ECF No. 15]; Mem. Op., Mar. 30, 2022 [ECF No. 16] ("Mar. 30 Mem. Op."). The Association now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing that the Court improperly considered an argument raised by the government for the first time in its reply brief and that two newly-submitted affidavits demonstrate that the Association does in fact have standing to sue on behalf of its members. For the reasons explained below, the Court rejects both of these arguments and will deny the Association's motion for reconsideration.

## Background

This Court set out the facts underlying the present suit in its initial decision, see Mar. 30 Mem. Op. at 1–4, and will assume that the reader is familiar with that opinion. Briefly, the

Association is a member-based organization that advocates for the interests of officers of the United States Public Health Service Commissioned Corps ("USPHS Corps") and, to a lesser extent, the officers of the National Oceanic and Atmospheric Administration Commissioned Officer Corps ("NOAA Corps"). See Compl. [ECF No. 1] ¶¶ 7–8. The USPHS Corps and the NOAA Corps are both "uniformed services" of the United States alongside the six (more recognizable) branches of the "armed forces," see 10 U.S.C. § 101(a)(4)–(5), and members of the USPHS Corps and NOAA Corps are considered "veterans" for many purposes, see Compl. ¶¶ 36, 61; 42 U.S.C. § 213(d). But in 2018, the National Museum of the American Indian ("NMAI") unveiled a design for the National Native American Veterans' Memorial ("the Memorial") that recognized veterans of only the armed forces, omitting any mention of the USPHS Corps and NOAA Corps. Mar. 30 Mem. Op. at 2–3. The Association lobbied the NMAI to change course and include the uniformed services on the Memorial, Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss [ECF No. 11] at 15 (briefly describing the "considerable amounts of time and money" spent lobbying NMAI), but these efforts were unsuccessful—the Memorial is now finished and open to the public, recognizing only veterans of the armed forces, Compl. ¶¶ 43–46; Compl. Encl. 4 [ECF No. 1] (photograph of the Memorial). In July 2021, the Association brought this lawsuit, alleging that the omission of the USPHS Corps and NOAA Corps violates the Fifth Amendment's Due Process Clause by devaluing Corps members' service and veteran status. See Compl. ¶¶ 51–68.

On March 30, 2022, the Court dismissed plaintiff's complaint for lack of subject-matter jurisdiction, holding that the Association lacked standing to sue. First, the Court concluded that the Association failed to establish "representational standing," or standing to sue on behalf of its members. See Mar. 30 Mem. Op. at 6–9. In order to have representational standing, an

organizational plaintiff must show, among other things, that "at least one of its members would have standing to sue in [his or her] own right." Food & Water Watch v. FERC, 28 F.4th 277, 283 (D.C. Cir. 2022) (citation omitted). But the Association failed to identify any such members or provide evidence, such as sworn affidavits, supporting the unnamed members' alleged injuries. See Mar. 30 Mem. Op. at 8–9 ("[T]he Association submitted no affidavits, made only general allegations of member injury in its opposition brief, and failed to specifically identify any individual member suffering harm . . . . [T]he Association simply has not made the requisite showing that at least one of its members would have standing to bring this suit." (internal citation omitted)). The Court then also held that the Association lacked standing to sue in its own right, as it had failed to demonstrate that defendants' conduct had caused a "concrete and demonstrable injury to [its] activities" rather than merely "a setback to the organization's abstract social interests." Mar. 30 Mem. Op. at 12 (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 379 (1982)); see generally id. at 9–14.

Nine days after the Court issued its decision, the Association filed the present motion for reconsideration under Federal Rule of Civil Procedure 59(e). See Pl.'s Mem. of P. & A. in Supp. of Mot. for Recons. of Ct.'s J. Dismissing Compl. [ECF No. 17] ("Pl.'s Mot."). The government timely filed a brief in opposition, see Mem. of P. & A. in Opp'n to Pl.'s Mot. [ECF No. 19] ("Gov't Opp'n"), and the Association filed its reply brief on May 20, 2022, see Pl.'s Mem. of P. & A. in Reply to Gov't Opp'n [ECF No. 20] ("Pl.'s Reply"). The motion is now fully briefed and ripe for decision.

## Legal Standard

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e).[1] Rule 59(e) thus "provides a limited exception to the rule that judgments are to remain final," and a court "may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." Leidos, Inc. v. Hellenic Republic, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotation marks and citation omitted). "Rule 59(e) motions on the basis of new evidence are restricted to evidence that is 'newly discovered or previously unavailable despite the exercise of due diligence.'" Am. Bar Ass'n v. U.S. Dep't of Educ., 388 F. Supp. 3d 23, 26 (D.D.C. 2019) (quoting Johnson v. District of Columbia, 266 F. Supp. 3d 206, 211 (D.D.C. 2017)). "[T]he reconsideration and amendment of a previous order is an extraordinary measure," Johnson, 266 F. Supp. 3d at 211 (quoting Fresh Kist Produce, LLC v. Choi Corp., 251 F. Supp. 2d 138, 140 (D.D.C. 2003)), and "granting a Rule 59(e) motion is generally disfavored in the absence of 'extraordinary circumstances,'" Metro. Life Ins. Co. v. Blyther, 964 F. Supp. 2d 61, 68 (D.D.C. 2013) (quoting Niedermeier v. Off. of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

## Analysis

In its motion, the Association seeks reconsideration based on the need to "correct a clear error or prevent manifest injustice," Leidos, 881 F.3d at 217, and on the availability of new evidence. See Pl.'s Mot. at 1–2. First, the Association contends that it was "clear legal error under

---

[1] Plaintiff's contrary understanding that a Rule 59(e) motion must be filed within 10 days, see Pl.'s Mot. at 2, is based on an outdated version of Rule 59(e), see Fed. R. Civ. P. 59 advisory committee's note to 2009 amendment (noting amendment of Rule extending the filing deadline from 10 days to 28 days).

the controlling precedent of this circuit" for the Court to dismiss the complaint on a ground not raised by the government until its reply brief: namely, that plaintiff failed to submit any evidence supporting its members' standing to sue.  Pl.'s Mot. at 2–3; see also Pl.'s Reply at 2–3.  The Association also asks the Court to consider two affidavits from Native American members of the NOAA Corps and USPHS Corps as newly-available evidence, asserting that the affidavits demonstrate the Association's representational standing.[2]  See Pl.'s Mot. at 4–7; Exs. 1 & 2 to Pl.'s Mot. [ECF No. 17-1] (the new affidavits).  The Court will consider—and reject—these two arguments in turn.

I.   **The Court Did Not Err by Relying on Plaintiff's Failure to Submit Evidence in Support of Its Standing**

The Association first contends that the Court erred by rejecting the Association's claim of representational standing on the ground that it had not submitted affidavits or other evidence supporting its members' standing.  Pl.'s Mot. at 2–3; see Mar. 30 Mem. Op. at 7–8.  Because defendants did not specifically note the absence of these affidavits until their reply brief, plaintiff explains, the Court was not permitted to consider that argument.  Pl.'s Mot. at 3 ("The Court's ruling on representational standing was, in effect, based on an argument raised in ambush on the Plaintiff . . . . This was a clear legal error . . . .").  In other words, plaintiff argues that the government forfeited this affidavit argument and that the Court was thereby precluded from dismissing the complaint on that ground.

---

[2] It does not appear that the Association asks the Court to reconsider its holding that the Association lacks standing to sue in its own right.

Plaintiff is not correct.  Even assuming that the relevant argument was raised for the first time on reply,[3] the Court would still have had not only the power but the obligation to consider it. "Standing can be raised at any point in a case proceeding and, as a jurisdictional matter, may be raised, sua sponte, by the court.  And when there is doubt about a party's constitutional standing, the court must resolve the doubt, sua sponte if need be."  Bauer v. Marmara, 774 F.3d 1026, 1029 (D.C. Cir. 2014) (internal quotation marks, alterations, and citations omitted); accord, e.g., DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 340 (2006) (dismissing suit for lack of standing even though issue was not addressed by court below, and noting that courts "have an obligation to assure ourselves of litigants' standing under Article III" (internal quotation marks and citation omitted)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Plaintiff's forfeiture argument simply cannot be squared with the jurisdictional nature of standing—that a Court may question a plaintiff's standing sua sponte necessarily implies that a defendant cannot forfeit an argument with respect to standing by failing to raise it in a timely manner.  Indeed, the very case plaintiff cites for the proposition that arguments raised for the first time on reply may not be considered, Herbert v. National Academy of Sciences, 974 F.2d 192 (D.C. Cir. 1992), recognizes that one of the "circumstances in which a court may consider, or even raise sua sponte, arguments ignored or left undeveloped by counsel in the first round of briefing" is when it assesses its subject-matter jurisdiction.  974 F.2d at 196.  That plaintiff felt ambushed by the government's insistence that it submit evidence

---

[3] The parties hotly dispute whether this was the case.  The government argues that its point about the absence of affidavits "was not a 'new argument' raised out of the blue" but instead "a proper response to an issue raised in Plaintiff's opposition": that the Association was claiming representational standing on the basis of unidentified members.  Gov't Opp'n at 4–5 ("Parties are allowed to address matters in a reply brief that are raised for the first time in an opposition."); see also Mem. of P. & A. in Supp of Defs.' Mot. to Dismiss [ECF No. 6-1] at 11 (arguing that "[p]laintiff fails to allege facts sufficient to demonstrate that its members would have standing to sue in their own right" but ultimately focusing on plaintiff's failure to prove causation).  The government's position is persuasive, but ultimately, it is unnecessary for the Court to decide this question—as the Court explains, even assuming the affidavit issue was first raised on reply, the Court could still rely on it.

supporting its standing to sue neither precluded the Court from dismissing plaintiff's complaint on that basis nor merits alteration of the judgment now.

To its credit, the Association acknowledges the Court's <u>sua sponte</u> obligation to assess a plaintiff's standing, Pl.'s Mot. at 3 ("The Plaintiff fully acknowledges that this Court could raise the issue of the lack of affidavits on its own, even without the Defendants having raised it."), but it contends that this fact cannot cure the Court's alleged error.  Instead, as discussed in greater depth below, the Association now explains that it withheld the affidavits out of concern that submitting them would violate agency <u>Touhy</u> regulations, which govern when and how federal employees may provide evidence in certain lawsuits.  See <u>Pl.'s Mot.</u> at 4–5.  The Association argues that "even [if the Court raised the affidavit issue <u>sua sponte</u>], the Plaintiff should have still had the opportunity to respond, including via provision of the affidavits, once the Court had informed the Plaintiff of its position that <u>Touhy</u> did not apply to this matter." <u>Id.</u> at 3.  Failing to give the Association such an opportunity, then, was an error meriting reconsideration.

The Court disagrees.  First of all, the Association never sought leave to file a sur-reply,[4] and it did not meaningfully present its <u>Touhy</u> explanation to the Court until the present motion for reconsideration.  To be sure, the Association gestured to <u>Touhy</u> in its opposition brief (though without citing any regulation purportedly barring the affidavits in question), <u>see</u> Pl.'s Mem. of P. & A. in Opp'n to Defs.' Mot. to Dismiss at 17 ("COAUSPHS has identified two active members, one from USPHS and the other from NOAA, subject to <u>Touhy</u>, that are willing to join as parties-in-interest to the present litigation."), and the Court divined enough of plaintiff's argument that it was able to address the issue in a footnote, <u>see</u> Mar. 30 Mem. Op. at 7 n.3.  But the Association

---

[4] Although the Court issued its opinion only five days after the government filed its reply brief, that period of time is not so short that plaintiff could not possibly have sought leave to file a sur-reply if it felt doing so was necessary to clarify a jurisdictional issue.

now seems to think that, on the basis of those vague hints in its opposition, the Court had an obligation to investigate which regulations might apply to this case, issue an advisory opinion informing plaintiff whether those regulations do apply, and then give plaintiff a third opportunity (after its complaint and opposition brief) to provide evidence supporting its standing.

Put simply, that is not how this works.  The Association had a well-settled obligation to provide evidence supporting its standing to sue (and thus the Court's subject-matter jurisdiction). See Mar. 30 Mem. Op. at 7–8 (citing Twin Rivers Paper Co. LLC v. SEC, 934 F.3d 607 (D.C. Cir. 2019)).  It did not do so, nor did it provide a coherent explanation for this omission or give the Court any reason to think that it was likely to submit such evidence if given another chance. Especially in these circumstances, the Association was not entitled to advance warning of the Court's decision or a third opportunity to do what it should have done at the outset.  The Court sees neither error nor injustice in its decision to reject plaintiff's claim of representational standing without sua sponte calling for supplemental briefing.[5]

## II.    The Association's Newly-Submitted Affidavits Do Not Warrant Reconsideration

The Association also asks for reconsideration based on affidavits showing, it claims, that at least one of its members (and therefore, the Association itself) has standing to sue.  See Pl.'s Mot. at 4–7; Pl.'s Reply at 3–6.  These affidavits warrant reconsideration, plaintiff asserts, because (1) they constitute newly-available evidence and (2) failing to consider them (and thereby letting the Court's dismissal stand despite evidence demonstrating the Court's jurisdiction) would work manifest injustice.

---

[5] Moreover, by allowing plaintiff to explain its failure to submit the affidavits and present them for the Court's consideration, the instant motion for reconsideration has accomplished what a hypothetical sur-reply would have. Thus, even if the Court's decision not to call for supplemental briefing was "error," it was harmless.

At the outset, the government correctly notes that plaintiff's affidavits are not exactly "new." See Gov't Opp'n at 5–6. "Courts routinely deny Rule 59(e) motions where all relevant facts were known or should have been known by the party prior to the entry of judgment because Rule 59(e) does not afford an opportunity to raise new arguments that could have been raised [earlier]." Johnson, 266 F. Supp. 3d at 211–12; accord Niedermeier, 153 F. Supp. 2d at 29–30 (collecting cases). Plaintiff does not claim that it was unaware of the members' identities or that obtaining the affidavits was somehow impossible before now.

Instead, as briefly noted above, plaintiff now states that one of its previously-unidentified members, Captain Clarence Smiley, is detailed to the Department of Health and Human Services ("HHS"), and plaintiff was concerned that Captain Smiley would violate HHS's Touhy regulations, located at 45 C.F.R. §§ 2.1–2.6, by submitting an affidavit in this case. See Pl.'s Mot. at 4. Due to the "high complexity" and "completely uncertain" nature of whether Captain Smiley was permitted to submit an affidavit, Pl.'s Mot. at 4; Pl.'s Reply at 4, plaintiff withheld the envisioned affidavits "[o]ut of caution for the personnel willing to testify," Pl.'s Mot. at 4. Accordingly, plaintiff argues, the Court "should consider the affidavits to be relevant new evidence which merit reconsideration." Id. at 5.

There may well be instances in which reconsideration under Rule 59(e) would be appropriate because a party withheld pertinent evidence due to well-founded concerns that providing such evidence would be unlawful or have serious adverse consequences. This is not such a case. HHS's Touhy regulations are crystal clear: they do not apply to the present action. Section 2.1(d)(1) states that "[t]his part does not apply to . . . [a]ny civil or criminal proceedings where the United States, the Department of Health and Human Services . . . or any other federal agency is a party." 45 C.F.R. § 2.1(d)(1); see also id. § 2.4(a) (setting forth procedures governing

voluntary testimony by HHS employees in cases "not subject to the exceptions set forth in § 2.1(d) of this part"). Indeed, the overarching title of the section is "Testimony by Employees and Production of Documents in Proceeding <u>Where the United States is Not a Party</u>." 45 C.F.R. subtitle A, subchapter A, pt. 2 (emphasis added). But the United States is, in fact, a defendant in the present action, <u>see</u> Compl. at 1; by their plain terms, the HHS <u>Touhy</u> regulations do not apply here.

Reconsideration on the basis of new evidence is appropriate only when the evidence in question was "previously unavailable <u>despite the exercise of due diligence</u>." <u>Am. Bar. Ass'n</u>, 388 F. Supp. 3d at 26 (emphasis added) (citation omitted). Given the clarity of the regulations in question, the Court is not persuaded that plaintiff exercised due diligence in deciding not to submit member affidavits—rather than caution in the face of unsettled law, plaintiff's decision appears to have been, at best, the result of good-faith legal error. Reconsideration under Rule 59(e) is warranted only in "extraordinary circumstances," <u>e.g.</u>, <u>Niedermeier</u>, 153 F. Supp. 2d at 28— rescuing plaintiff's counsel from the consequences of his own misapprehension of the law does not satisfy this standard. The Court accordingly will not reconsider its prior decision on the ground that plaintiff's two new affidavits are newly-available evidence.

Nor would failing to consider these affidavits now result in manifest injustice. <u>Contra</u> Pl.'s Mot. at 5. If the affidavits did indeed demonstrate that the Association has standing, then reconsideration might well be warranted in order to prevent manifest injustice. But contrary to plaintiff's assertions, the two affidavits attached to its motion—one from Commander James Brinkley, Ex. 1 to Pl.'s Mot. [ECF No. 17-1] ("Brinkley Aff."), and one from Captain Clarence Smiley (discussed above), Ex. 2 to Pl.'s Mot. [ECF No. 17-1] ("Smiley Aff.")—are insufficient to establish the declarants' (and therefore the Association's) standing to sue. <u>Cf.</u> <u>Am. Bar Ass'n</u>, 388

F. Supp. 3d at 26 ("[A] party moving for relief under Rule 59(e) has not met its burden if the new evidence 'would not have changed [the Court's] outcome.'" (second alteration in original) (quoting Roane v. Gonzales, 832 F. Supp. 2d 61, 65 (D.D.C. 2011))).

Commander Brinkley declares that he is a member of the NOAA Corps and of the Cherokee Nation of Oklahoma.  Brinkley Aff.  After providing highlights of his service history and his view of the NOAA Corps's mission, Brinkley states that he "support[s] the efforts of the [Association] to have the seal of the NOAA Commissioned Officer Corps placed on the National Native American Veterans Memorial."  Id.  Moreover, he declares that he "personally feel[s] that [his] service and veteran status has been reduced to nothing since [his] branch of service is not on the existing memorial" and that "[t]he lack of recognition in service to this country is personally insulting."  Id.  But missing from this affidavit—and from plaintiff's reconsideration briefing—is any indication that Commander Brinkley is a member of COAUSPHS.  As a consequence, even if Commander Brinkley's affidavit would be sufficient to show that he has standing individually, it still could not show that the Association has standing to sue on his behalf.  Cf. Food & Water Watch, 28 F.4th at 283 ("An association . . . has [representational] standing only if . . . at least one of its members would have standing to sue in [his or her] own right . . . ." (emphasis added) (citation omitted)).

On the other hand, Captain Clarence Smiley declares that he is an officer in the UPSHS Corps; a member of the Navajo Nation of Arizona, New Mexico, and Utah; and, importantly, a member of COAUSPHS.  Smiley Aff.  But although he is a member of the Association, Captain Smiley fails to allege a cognizable injury-in-fact.  To have standing to sue in federal court, an individual "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical."

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (cleaned up) (citations and footnote omitted). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm. 'The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements.'" Hollingsworth v. Perry, 570 U.S. 693, 704 (2013) (quoting Diamond v. Charles, 476 U.S. 54, 62 (1986)).

Captain Smiley's affidavit does not establish that he has suffered a qualifying injury-in-fact. After explaining the mission and values of the USPHS Corps and the important contributions of its officers, Captain Smiley states that, "[a]s a Native American US Navy veteran who is now a USPHS officer, I support the efforts of the [Association] to have the seal of the USPHS placed on the National Native American Veterans Memorial." Smiley Aff.; see also id. ("The services of my fellow USPHS officers . . . in my opinion, deserve[] full recognition."). But supporting the goal of a lawsuit does not mean someone has standing to bring it, nor does desiring a certain outcome mean that he can sue to compel that state of affairs. Captain Smiley's affidavit demonstrates, at most, that he disagrees with defendants' decision to omit the USPHS Corps from the Memorial and that he hopes the present lawsuit succeeds. Wishing the government had made a different decision, without more, is insufficient to give Captain Smiley—and by extension the Association—standing to sue. Because neither of the two affidavits attached to plaintiff's motion for reconsideration establish the Association's standing to sue, denying the present motion would not result in manifest injustice.

*     *     *     *     *

Accordingly, upon consideration of [17] plaintiff's motion for reconsideration, and the entire record herein, and for the reasons set forth above, it is hereby

**ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

/s/
—————————————————
JOHN D. BATES
United States District Judge

Dated: <u>June 25, 2022</u>